UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASARAY WILSON,<br>        Plaintiff,<br>   v.<br>TARGET CORPORATION,<br>        Defendant. | Case No. 25-cv-00043-AMO<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br>Re: Dkt. No. 21 |

Plaintiff Jasaray Wilson alleges that Defendant Target Corporation ("Target"), her former employer, discriminated against her, harassed her, and retaliated against her based on her gender and sex, and she contends Target wrongfully terminated her employment. Before the Court is Target's motion for judgment on the pleadings. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for November 20, 2025, is VACATED. *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** Target's motion for the following reasons.

**I.    BACKGROUND**

On November 20, 2024, Wilson filed an unverified complaint in Alameda County Superior Court. Ducharme Decl., Ex. A (Dkt. No. 1-2 at 5-13). Wilson's complaint contains five paragraphs of substantive allegations:

> Defendants subjected Plaintiff to discrimination/harassment/retaliation on the bases of gender, sexual harassment, opposition to discrimination/harassment/retaliation, opposition/refusal to perform/disclosure of violation of the law, opposition/refusal to perform/disclosure of unsafe work environment, opposition/refusal to perform/disclosure of Labor

>    Code violations, assertion of rights under the Labor Code. (Compl. ¶ 6);
>
>    Defendant subjected to Plaintiff to sexual assault, sexual batter [sic], unwelcome sexual touching, unwanted sexual advances and propositions, and other similar sexually harassing conduct, which Plaintiff refused, opposed, and complained about. (Compl. ¶ 7);
>
>    Defendant failed to investigate nor do anything to prevent and/or correct the harassment, which continued. (Compl., ¶ 8);
>
>    Instead, Defendant terminated Plaintiff's employment and has failed to reinstate her to a discrimination free work environment. (Compl. ¶ 9); and
>
>    Defendants' actions constitute disparate impact and disparate treatment. [sic] discrimination. (Compl. ¶ 10).

*See* Compl. ¶¶ 6-10 (Dkt. No. 1-2 at 6-7).  Based on these contentions, Wilson advances the following causes of action: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination; (3) retaliation in violation of FEHA; (4) harassment in violation of FEHA; (5) failure to prevent harassment in violation of FEHA; (6) California Labor Code § 98.6; (7) California Labor Code § 1102.5; (8) California Labor Code § 6310; and (9) wrongful termination in violation of public policy.  On January 2, 2025, Target removed this action to this Court based on diversity jurisdiction.  *See* Dkt. No. 1.

The Court held an initial case management conference on May 22, 2025, and it set a deadline of June 6, 2025, to amend the pleadings.  Dkt. No. 18.

**II.  DISCUSSION**

On June 20, 2025, Target filed the motion for judgment on the pleadings now under consideration.

**A.  Legal Standard**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.

2009) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)). When deciding a 12(c) motion, all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Sufficiency of Allegations

#### 1. First Cause of Action: Discrimination in Violation of FEHA

The California Supreme Court identified the general elements of a prima facie case of discrimination under FEHA as follows:

> The specific elements of a prima facie case may vary depending on the particular facts . . . Generally, the plaintiff must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive.

*Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000) (internal citations omitted).

Here, Wilson does not offer any particular facts that would establish a prima facie case of discrimination under FEHA. Wilson merely makes a conclusory statement of being subjected to discrimination, harassment, and retaliation on the bases of gender. Compl. ¶ 6. Notably, the Complaint does not identify Plaintiff's gender or how that played into any decisions at issue in this case. Wilson also fails to identify any specific event or action that was allegedly discriminatory. Therefore, Plaintiff's first cause of action for discrimination fails.

### 2. Fourth Cause of Action: Harassment in Violation of FEHA

Under FEHA, an employer may not harass an employee based on, inter alia, race or sex. Cal. Gov't. Code § 12940(j)(1). To establish a harassment claim under FEHA, the plaintiff must demonstrate that (1) they are a member of a protected group; (2) they were subjected to harassment because they belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment. *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 983 (E.D. Cal. 2016). Harassment "may be verbal, physical, or visual and 'communicates an offensive message to the harassed employee.' " *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (2010) (quoting *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009)).

Here, the complaint asserts only a conclusory statement that Target subjected Wilson to sexual harassment, including sexual batter, unwelcome sexual touching, and unwanted sexual advances. Compl. ¶ 7. However, Wilson fails to identify any alleged harassers, any details regarding the offensive conduct, or how the treatment suffered by Wilson was sufficiently severe or pervasive to constitute actionable harassment. Thus, Plaintiff's third cause of action for harassment fails.

### 3. Third, Sixth, Seventh, And Eighth Causes Of Action For Retaliation In Violation Of FEHA, Labor Code §§ 98.6, 1102.5, 6310

To assert a prima facie claim for retaliation under FEHA, a plaintiff must plead that (1) they engaged in "protected activity," (2) the employer subjected them to an "adverse employment action," and (3) there is a "causal link" between the protected activity and the employer's action. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *see also Doe v. Dep't of Corr. & Rehab.*, 43 Cal. App. 5th 721, 734 (2019); *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Relatedly, the threshold element of a claim of whistleblower retaliation under California Labor Code § 1102.5(b) is that the plaintiff establish a prima facie case of retaliation, including that the plaintiff's protected activity serves as a " 'contributing factor' to an adverse employment action." *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 711 (2022) (citing also Labor Code § 1102.6).

California Labor Code § 98.6 protects against retaliation by prohibiting discharging an employee for filing a bona fide complaint or claim relating to his rights under the jurisdiction of the Labor Commissioner. Cal. Labor. Code § 98.6. A retaliation claim under Labor Code § 98.6 has similar requirements to a claim under Section 1102.5. *St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 314 (2019). Finally, California Labor Code § 6310 provides a cause of action for damages by an employee who is discharged, threatened with discharge, or discriminated against because of the employee's complaints about unsafe work conditions. *Daly v. Exxon Corp.*, 55 Cal. App. 4th 39, 44 (1997).

Here, Wilson fails to allege any protected activity that would support a claim of retaliation under any of these statutory provisions. For example, Wilson does not identify when or to whom Wilson reported any of the alleged harassment suffered. *See* Compl. ¶ 8. The conclusory assertion that Wilson "complained about" sexual harassment lacks any factual support. *Id.* Moreover, Wilson offers no allegations supporting an inference of causal connection between any protected activity and an adverse employment action. Additionally, the Complaint lacks any factual allegations to establish that Wilson engaged in any conduct or filed a complaint for any violation of the California Labor Code, or made any complaints about unsafe work conditions, in order to establish a cause of action for violation of Labor Code §§ 98.6 and 6310. Thus, Plaintiff's third, sixth, seventh, and eighth causes of action for retaliation fail.

### 4. Second, Fifth, and Ninth Causes of Action for Failure to Prevent Discrimination and Harassment, and Wrongful Termination in Violation of Public Policy

There can be no claim for "failure to prevent" without a viable claim for discrimination under FEHA. *Scotch v. Art Institute of Cal.*, 173 Cal. App. 4th 986, 1021 (2009) ("An actionable claim under section 12940, subdivision (k), [for failure to prevent discrimination under the FEHA] is dependent on a claim of actual discrimination."); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999) ("[B]ecause [the plaintiff's] FEHA claim fails, his claim for wrongful termination in violation of public policy fails.").

Here, Wilson's second cause of action for "failure to prevent discrimination," fifth cause of action for "failure to prevent harassment," and ninth cause of action for "wrongful termination in

violation of public policy" all fail because they are entirely derivative of the FEHA discrimination and harassment claims that failed for the reasons described above. Indeed, as Target highlights, "Plaintiff's Complaint does not even allege that Plaintiff worked for Target and fails to identify any information about Target in the Parties section of her Complaint." Dkt. No. 21 at 7. Therefore, Plaintiff's second, fifth, and ninth causes of action all fail.

### C. Leave to Amend

Plaintiff's only argument opposing Defendant's motion is that leave to amend is "almost always granted" under Federal Rule of Civil Procedure 15. *See* Dkt. No. 23 at 4. Indeed, Rule 15(a)(2) requires courts to "freely give leave [to amend] when justice so requires." However, where the deadline to amend the pleadings has passed, the plaintiff must first demonstrate good cause for amending a court-imposed scheduling order under Rule 16(b)(4). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment," and if the moving party "was not diligent, the inquiry should end." *Id.* at 609. On the other hand, if the moving party demonstrates diligence under Rule 16(b), the court then applies the standard under Rule 15(a) to determine whether the amendment is proper. *See id.* at 608.

Here, the Court is not satisfied that Wilson demonstrates diligence sufficient to warrant amendment under Rule 16. The Court set a case schedule following an initial case management conference on May 22, 2025, and therein set a deadline of June 6, 2025, to amend the complaint. Dkt. No. 18. Wilson took no action to amend the form complaint originally submitted in state court. In the opposition brief, Wilson does not identify any facts or even any evidence suggesting that she could plausibly state a claim for any of the nine causes of action and thus fails to demonstrate good cause in support of amending the deadline for amendment of pleadings.[1]

---

[1] Though outside the scope of the Court's consideration of the instant Rule 12(c) motion, Wilson's continued failure to comply with discovery obligations pursuant to Rule 26 through the time of Target's motion further suggests a lack of diligence in prosecuting the case. *See* Ducharme Decl. (Dkt. No. 21-1) ¶¶ 6-8.

1    On this same basis, Wilson's request for amendment under Rule 15 would fall flat. Though Wilson requests leave to amend in the opposition brief, leave to amend is "not to be granted automatically" – particularly where the plaintiff fails to propose new specific facts. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Jackson v. Bank of Hawai'i*, 902 F.2d 1385, 1387 (9th Cir. 1990)).  Wilson offers no facts or legal authority in the opposition brief to support the contention that leave to amend should be granted. At best, Wilson's opposition sets forth two boilerplate allegations that Wilson was forced to work in unsafe conditions and was physically assaulted by a Target employee.  *See* Dkt. No. 23 at 5. These averments, like those in the original complaint found deficient above, offer only "labels and conclusions" and "naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 545-46.  This is insufficient.  Wilson fails to provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.  Given the failure to amend the complaint during the time allowed under the scheduling order, as well as not identifying any factual support to augment the complaint, the Court is left with the distinct impressions that Wilson has not demonstrated diligence in prosecuting this case and that amendment would prove futile.  *See also Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend.").

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Target's motion for judgment on the pleadings.  Because the applicable legal standard for amendment of pleadings at this stage of case is "good cause" under Rule 16 and because Plaintiff failed to offer any facts in support of granting leave to amend, the Court **DISMISSES** the case with prejudice.

**IT IS SO ORDERED.**

Dated: November 6, 2025

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

7